UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>J.W. MOSS, et al.,<br><br>    Defendants. | No. 2:19-cv-1970-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. He also moves for the appointment of counsel. ECF Nos. 3 & 9.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) asserts claims of "illegal incarceration." *Id.* at 3, 4. It alleges that a resentencing motion plaintiff filed in state court was either denied or no action was taken on it, thereby prolonging his incarceration and violating his rights under the Eighth and Fourteenth Amendments. *Id.* As part of his requested relief, plaintiff seeks compensation for

2

every day he has been illegally incarcerated. *Id.* at 6. Plaintiff has failed to state a viable section 1983 claim.

First, plaintiff's allegations are too vague and ambiguous to support a claim under either the Eighth or Fourteenth Amendments. And to the extent that any such claim, which if successful, would necessarily undermine his current confinement, it is barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The complaint itself is premised on the allegation that no such relief has been granted.

Second, to the extent plaintiff is requesting to be released from custody, his claim must be brought in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Based on the foregoing, the court will dismiss plaintiff's complaint with leave to amend.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

3

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Motion for Appointment of Counsel

District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate plaintiff's claims amount to exceptional circumstances justifying the appointment of counsel at this time.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order;

4. Plaintiff's motion for the appointment of counsel (ECF Nos. 3 & 9) is denied without prejudice; and

5. Failure to comply with this order may result in dismissal of this action.

DATED: April 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE